# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| ADAM RASZKIEWICZ, | \* | |
| | \* | No. 15-509V |
| Petitioner, | \* | Special Master Christian J. Moran |
| | \* | |
| v. | \* | Filed: October 14, 2016 |
| | \* | |
| SECRETARY OF HEALTH | \* | Attorneys' fees and costs |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Robert J. Krakow, Law Office of Robert J. Krakow, P.C., New York, NY, for
Petitioner;
Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for Respondent.

## PUBLISHED DECISION ON FEES AND COSTS[1]

After receiving compensation through the Vaccine Program, Adam
Raszkiewicz filed a motion for attorneys' fees and costs.  Mr. Raszkiewicz is
awarded **$55,751.99**.

\*      \*      \*

Mr. Raszkiewicz alleged that the tetanus-diphtheria-acellular pertussis
("Tdap") vaccine caused him to develop Guillain-Barré syndrome.  Mr.
Raszkiewicz was awarded compensation based on the parties' stipulation.
Decision, filed February 19, 2016, 2016 WL 943839.

On July 10, 2016, Mr. Raszkiewicz filed the pending motion for attorneys'
fees and costs.  Mr. Raszkiewicz requested $54,113.50 in attorneys' fees and

---

[1] The E-Government Act, 44 § 3501 note (2012) (Federal Management and Promotion of
Electronic Government Services), requires that the Court post this decision on its website.
Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of
medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).  Any
redactions ordered by the special master will appear in the document posted on the website.

$1,540.54 in attorneys' costs.  Additionally, pursuant to General Order No. 9, Mr. Raszkiewicz states that he incurred costs in the amount of $97.95 in pursuit of this litigation.  On July 13, 2016, the Secretary filed a response to Mr. Raszkiewicz's application.  The Secretary did not identify any specific problems but asserted that for a case with this type of alleged injury, vaccine, and time to adjudication within twelve months, a reasonable range for attorneys' fees and costs would be from $21,000.00 to $30,000.00.  Resp't's Resp. at 3.  The Secretary cited two cases in support of her proposed range.  The Secretary further suggested that the undersigned "exercise his discretion" in determining a reasonable award of attorneys' fees and costs within the range she has provided.  Resp't's Resp. at 3.

Mr. Raszkiewicz disagrees that time to adjudication alone is a proper benchmark to assess reasonableness of attorneys' fees.  He argues that significant work completed prior to the filing of a case, in a concentrated time period, and the association of counsel can assist in achieving an expedited resolution of a case – as was the situation in the present matter.  Pet'r's Reply, filed July 14, 2016, at 2.

\*   \*   \*

Because Mr. Raszkiewicz received compensation, he is entitled to an award of reasonable attorneys' fees by right.  42 U.S.C. § 300aa−15(e).

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.

Mr. Raszkiewicz requests compensation for his attorney, Mr. Robert Krakow, whose rates have been found to be reasonable.  Laderer v. Sec'y of Health & Human Servs., No. 09-097V, 2016 WL 3044838, at *3 (Fed. Cl. Spec. Mstr. Apr. 20, 2016); Foster v. Sec'y of Health & Human Servs., No. 10-487V, 2016 WL 3176599 (Fed. Cl. Spec. Mstr. June 15, 2016).  For work in this case, Mr. Krakow has charged $396 per hour for 2014, $413 per hour 2015, and $425 per hour for 2016.  An additional attorney, Ms. Susan Lee, worked with Mr. Krakow charging $360 per hour in 2015 and $375 per hour in 2016.  Citing McCulloch, Ms. Lee states that this rate aligns with the factors set forth when determining a

reasonable forum rate.  Exhibit 26, tab 22 at 2.  Ms. Lee's rate is commensurate with her experience and falls within the <u>McCulloch</u> rate matrix.  <u>See generally McCulloch v. Sec'y of Health & Human Servs.</u>, No. 09-293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), <u>reconsideration denied</u>, No. 09-293V, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Secretary did not directly challenge any of the requested rates as unreasonable.  These proposed rates are accepted as reasonable.

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  <u>See Saxton v. Sec'y of Health & Human Servs.</u>, 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  <u>See Shea v. Sec'y of Health & Human Servs.</u>, No. 13-737V, 2015 WL 9594109, at *2 (Fed. Cl. Spec. Mstr. Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination . . . and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").  All aspects of the fee application appear reasonable.

In addition to seeking attorneys' fees, Mr. Raszkiewicz, also seeks an award of costs.  The requested costs are reasonable and adequately documented. Consequently, Mr. Raszkiewicz is awarded the full amount of attorneys' fees and costs.

\*     \*     \*

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e).  The undersigned finds $55,751.99 ($54,113.50 in fees and $1,540.54 in costs) to be a reasonable amount for all attorneys' fees and costs incurred.  Mr. Raszkiewicz is awarded $97.95 for costs personally incurred.  The undersigned GRANTS the petitioner's motion and awards **$55,654.04** in attorneys' fees and costs.  This shall be paid as follows:

a. **A lump sum of $55,654.04, in the form of a check made payable to petitioner and petitioner's attorney, Robert J. Krakow, of Law Office of**

**Robert J. Krakow, P.C., for attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).**

**b.  A lump sum of $97.95, in the form of a check made payable to petitioner, Adam Raszkiewicz, for litigation related costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]


**IT IS SO ORDERED**.

S/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.